09-2755-ag
Qiu v. Holder

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 31st day of August, two thousand ten.

PRESENT: ROBERT D. SACK,
REENA RAGGI,
GERARD E. LYNCH,
*Circuit Judges*.

------------------------------------------------------------

HAI HUA QIU,[1]

    *Petitioner*,

    v.                                       No. 09-2755-ag

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,

    *Respondent*.

------------------------------------------------------------

FOR PETITIONER:        HENRY ZHANG, New York, New York.

FOR RESPONDENT:        ARI NAZAROV, Trial Attorney (Tony West, Assistant Attorney General & Blair T. O'Connor, Assistant Director, *on brief*), Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

---

[1]The Clerk of Court is directed to amend the caption to read as shown above.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hai Hua Qiu, a native of the People's Republic of China ("PRC"), seeks review of a June 9, 2009 order of the BIA reversing Immigration Judge ("IJ") Robert D. Weisel's decision to grant Qiu's petition for asylum. See In re Hai Hua Qui, No. A098 998 310 at 2 (B.I.A. June 9, 2009), rev'g No. A098 998 310 (Immig. Ct. N.Y. City June 28, 2007). Under the circumstances of this case, we review the BIA's decision alone. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir. 2005). We review the BIA's findings of fact for "substantial evidence," and review de novo legal issues and the application of law to fact. See Castro v. Holder, 597 F.3d 93, 99 (2d Cir. 2010). In applying these standards, we assume familiarity with the facts and procedural history, which we reference only as necessary to explain our decision to deny the petition.

In seeking asylum, Qiu claimed that corrupt local government officials offered inadequate compensation for the demolition of her family's home and arrested her for impeding her family's eviction. She now asserts that the BIA erred as a matter of law in concluding that these circumstances failed to demonstrate (1) persecution (2) on account of political belief. See 8 U.S.C. § 1101(a)(42) (requiring asylum applicant to demonstrate well-founded fear of persecution on account of "race, religion, nationality, membership in a particular social group, or political opinion"). We disagree.

2

As this court has ruled, a person's "mere subjection" to an opposed policy or practice of general application "will not itself qualify as persecution 'on account of' political opinion." Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 (2d Cir. 2005). Nevertheless, "opposition to endemic corruption or extortion . . . may have a political dimension when it transcends mere self-protection and represents a challenge to the legitimacy or authority of the ruling regime." Id. at 547-48. In such cases, we query whether an applicant's opposition was "directed toward a governing institution, or only against individuals whose corruption was aberrational, and whether the persecutor was attempting to suppress a challenge to the governing institution, as opposed to a challenge to isolated, aberrational acts of greed or malfeasance." Id. at 548 (citation and quotation marks omitted). Applying these principles here, we identify nothing in the record indicating that Qiu's opposition was grounded in anything beyond her personal circumstances or represented the kind of broader challenge to governing institutions that we have found could constitute a political opinion. See id. at 542-43.

Contrary to Qiu's argument, the BIA did not exceed its authority in reversing the IJ's conclusion that Qiu's treatment was on account of a political opinion. The BIA has authority to review an IJ's conclusions of law de novo, including conclusions about whether harm was inflicted "on account of" a protected ground. See 8 C.F.R. § 1003.1(d)(3)(ii); see also Matter of A-S-B-, 24 I. & N. Dec. 493, 497 (B.I.A. 2008). Because we conclude that the BIA did not err in deciding that Qiu's treatment was not on account of a political opinion, we need

3

not address her challenge to the BIA's determination that her treatment did not amount to past persecution or that she did not possess a fear of future persecution.

We have considered Qiu's other arguments on appeal and conclude that they are without merit.  Accordingly, Qiu's petition for review is DENIED and her motion for a stay of removal is DISMISSED as moot.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court